UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| AVAINE STRONG | * | CIVIL ACTION NO. 13-0808 |
| VERSUS | * | JUDGE DONALD E. WALTER |
| GRAMBLING STATE UNIVERSITY, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel discovery [doc. # 30], and associated request for fees, costs, and/or expenses, filed by Plaintiff Avaine Strong.[1]  For reasons assigned below, the motion is GRANTED IN PART and DENIED IN PART.

### Background

On April 18, 2013, Avaine Strong, a professor at Grambling State University, filed the instant, pro se complaint pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986; Title VII of the Civil Rights Act; the Equal Pay Act; and 18 U.S.C. § 1346 against his employer, Grambling State University, and various university officials. (Compl.). On August 1, 2013, Strong amended his complaint to join each member of the Board of Supervisors for the University of Louisiana System. *See* Amend. Compl.  Strong contends, *inter alia*, that university officials discriminated against him on account of his race, African American, and because he is

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

heterosexual. *See* Amend. Compl., ¶ 17. He seeks approximately $7.8 million for compensatory and punitive damages, attorneys fees, interest, and costs. *Id*.

On, or about October 13, 2013, Plaintiff, now represented by Dianne Hill, propounded certain discovery requests to Defendants. (M/Compel, Exh. A). On November 8, 2013, defense counsel, Holly Hargrove, responded to Plaintiff's Requests for Admission, but objected to Requests Nos. 8-15, on the grounds that they were irrelevant, and that they were issued only to harass, intimidate, and embarrass Defendants. (Defs. Response; M/Compel, Exh. B).

On November 18, 2013, Hill wrote a missive to Hargrove in which she defended the relevance of her requests for admission, and invited Hargrove to telephone her on November 26, 2013, if she remained unable or unwilling to supplement her previous responses. *See* Nov. 18, 2013, Letter from Hill to Hargrove; M/Compel Exh. C. Hill further advised Hargrove that she had not received responses to Plaintiff's other discovery requests. *Id*.

On November 26, 2013, Hargrove wrote to Hill, acknowledging receipt of her letter. (Nov. 26, 2013, Letter from Hargrove to Hill; Opp. Memo., Exh.). Hargrove maintained, however, that she saw no need to supplement her discovery responses. *Id*.

On December 10, 2013, Hill replied to Hargrove, stating that she still had not received responses to Plaintiff's Interrogatories. *See* Dec. 10, 2013, Letter from Hill to Hargrove; M/Compel Exh. D. She further noted that she had set a *discovery conference* for November 25, 2013, but that Hargrove had not telephoned her. *Id*. Hill provided alternative dates of December 19 or 20 to discuss "these matters." *Id*. By December 10, however, Hargrove had resigned her position with the State. (Opp. Memo., ¶ 6). Needless to say, Hargrove neither responded to Hill's letter, nor contacted her thereafter.

Unaware of Hargrove's departure, Hill filed the instant motion to compel on December

2

23, 2013.  On January 6, 2014, new counsel enrolled on behalf of Defendants.  Thereafter, on January 20, 2014, Defendants filed their opposition to the motion to compel, in which they argue that the court should deny the motion on the sole basis that, before filing the motion to compel, movant failed to make a good faith effort to resolve the matter pursuant to Federal Rules of Civil Procedure, Rule 37 and Local Rule 37.1.  Plaintiff filed her reply memorandum on January 28, 2014.  Therefore, the matter is ripe.

## Analysis

### I.     Obligation to Confer in Good Faith

Rule 37 provides that

> [o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

FED. R. CIV. P. 37(a)(1).

In addition, Local Rule 37.1 requires that the moving party certify that he or she has conferred in person or by telephone for purposes amicably resolving the discovery dispute:

> [n]o motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

W.D. LA. LOCAL RULE 37.1.

The court finds that movant substantially complied with the foregoing requirements.  At minimum, Plaintiff's counsel made it clear in her December 10 letter that she intended December 19 or 20 to serve as dates for a Rule 37.1 discovery conference.  She was not aware that defense counsel had resigned her position. When Plaintiff's counsel did not receive a call or reply from opposing counsel, she was not required to forebear filing the instant motion.

3

Once new counsel enrolled on behalf of Defendants, Plaintiff's counsel offered to extend Defendants' deadline to respond to the instant motion to afford Defendants time to respond to the outstanding discovery. *See* Reply Memo., pg. 1. Defendants were not amenable to this course of action.

Finally, the court notes that the motion to compel included the requisite certification that movant "communicated with counsel for Defendant in an attempt to resolve this matter without judicial intervention." (M/Compel, pg. 1).

## II.     The Unanswered and Disputed Discovery

Rule 33 provides that a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b). Fed.R.Civ.P. 33(a). Likewise, Rule 34 dictates that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's possession, custody, or control . . ." Fed.R.Civ.P. 34(a)(1). Pursuant to Federal Rule of Civil Procedure 36, a party may

> serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

Fed.R.Civ.P. 36(a)(1).

An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond. Fed.R.Civ.P. 37(a)(4).

Under Rule 26(b),

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody,

>condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . .

Fed.R.Civ.P. 26(b)(1).

The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Ultimately, the relevance inquiry ends where it starts; i.e., the relevancy of a discovery request depends upon whether it is "reasonably calculated" to lead to admissible evidence. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006). Pursuant to Rule 26(c), upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed.R.Civ.P. 26(c).

    a)    <u>Interrogatories and Requests for Production</u>

Defendants did not respond or otherwise object to Plaintiff's interrogatories or requests for production. Accordingly, within the next 14 days from the date of this order, Defendants shall respond fully and completely to Plaintiff's interrogatories and requests for production.[2]

---

[2] By failing to timely respond to the discovery, and in the absence of good cause, Defendants have waived their right to object to the discovery requests. *See In Re U.S.*, 864 F.2d

      b)      <u>Requests for Admission Nos. 8-14</u>

Requests for Admission Nos. 8 and 14 ask Defendants to confirm that Connie Walton and Danny Hubbard, respectively, engage in homosexual relations. *See* Req. for Admissions Nos. 8 & 14; Pl. M/Compel, Exh. A. Requests for Admission Nos. 9-13 ask Defendants to admit that Connie Walton had homosexual relations with certain, named females. *See* Req. for Admissions Nos. 9-13; Pl. M/Compel, Exh. A. Defendants object to these requests on the grounds that the discovery is irrelevant and seeks only to harass, intimidate, and embarrass Defendants. *See* Defs. Response, Pl. M/Compel, Exh. B. Specifically, Defendants contend that Plaintiff never complained to the EEOC that he was discriminated against on the basis of sexual orientation, and therefore, the claim is precluded. Alternatively, Defendants contend that Walton and Hubbard are not similarly situated to Strong, and thus, the requested discovery is not relevant.

The undersigned observes that gender discrimination and sexual harassment in public employment violate the Equal Protection Clause of the Fourteenth Amendment. *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) (citations omitted). Moreover, "circuits addressing the issue have allowed plaintiffs suing their public employers for sexual harassment and sex discrimination to assert claims under both Title VII and section 1983." *Id*. Of course, a government employee need not exhaust administrative remedies before proceeding against his employer pursuant to § 1983. *Jones v. City of Port Arthur*, Civil Action No. 12-287, 2013 WL 149706 (E.D. Tex. Jan. 11, 2013).

Liberally construed, the instant complaint sets forth facts sufficient to support an equal

---

1153, 1156 (5th Cir. 1989).

protection claim under the Fourteenth Amendment. *See* Amend. Compl., ¶¶ 2, 14, 17, 32, 36.[3] Furthermore, while the Supreme Court has not recognized sexual orientation as a protected class, a state violates the Equal Protection Clause if it disadvantages someone on the basis of sexual orientation for reasons lacking any rational relationship to legitimate government aims. *See Johnson v. Johnson*, 385 F.3d 503, 532 (5th Cir. 2004) (citation omitted) (discussing discrimination on account of homosexuality).

As to Defendants' second argument, the court observes that disparate treatment of similarly situated employees represents one avenue toward establishing unlawful discrimination. *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). Furthermore, to establish a *prima facie* case of discrimination, plaintiff must demonstrate that (1) he is a member of a protected class; (2) he was qualified for the position he sought; (3) he suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citations omitted).

Here, Plaintiff has not shown that the different individuals identified in Requests for Admission Nos. 9-13 received preferential treatment under otherwise identical circumstances. In other words, there is no indication that they are potential comparators.[4] Under these

---

[3] In reviewing the pleadings, the court holds the allegations of a pro se complainant to less stringent standards than formal pleadings drafted by lawyers *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

[4] Indeed, a so-called "true comparator" requires proof of (1) the identity of the other employee(s); (2) who is not a member(s) of the protected class(es); (3) who was shown preferential treatment; (4) after engaging in "nearly identical" conduct; (5) which was considered and reviewed in "nearly identical circumstances;" (6) by the same supervisors and decision makers. *King v. W. W. Grainger, Inc.*, Civil Action No. 11-016, 2012 WL 777319 (N.D. Miss. Jan. 26, 2012), appeal dismissed (May 3, 2012), *report and recommendation adopted,* 2012 WL 777310 (N.D. Miss. Mar. 8, 2012) *aff'd sub nom. King v. W.W. Grainger Inc.*, 502 F. App'x 360

circumstances, the court will not compel Defendants to disclose evidence of these individuals' sexual history. *See generally* Fed.R.Evid. 412. If, however, at a later date, Plaintiff is able to demonstrate that one or more of the individuals identified in Requests for Admission Nos. 9-13 otherwise meets the requirements for a "true comparator," then Defendants shall supplement their discovery response(s), without the need for further intervention by the court.

With regard to Requests for Admission Nos. 8 and 14, however, the court observes that both Connie Walton and Danny Hubbard are named Defendants. Moreover, Plaintiff alleges that Walton was a decision-maker, and that Danny Hubbard was Walton's lieutenant, who implemented her decisions. *See* Amend. Compl. Of course, "[w]hen the decision-maker involved in employment decisions is also a member of a protected class, this fact creates another inference that the decision-maker did *not* make the adverse decision because of the plaintiff's protected class." *Scott v. Wal-Mart Stores, Inc.*, Civ. Action No. 07-0487, 2009 WL 367725 (W.D. La. Feb. 12, 2009) (citations omitted) (emphasis added). Thus, Walton and Hubbard's sexual orientation remains potentially relevant. Defendants shall respond to Requests for Admission Nos. 8 and 14 within the next 14 days from the date of this order.[5]

### III.     Fees, Costs, and/or Expenses

The court generally must award reasonable expenses to the prevailing party on a motion to compel. Fed.R.Civ.P. 37(a)(5)(A). The rule authorizes exceptions, however, for non-disclosures and responses that were substantially justified, or other circumstances that make an award unjust. *Id*. The rule further precludes an award for reasonable expenses when the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without

---

(5th Cir. 2012).

[5] If warranted, the parties may agree to an appropriate confidentiality order.

court action. *Id*. Moreover, when, as here, a motion to compel is granted in part and denied in part, the court *may* apportion the reasonable expenses associated with the motion. Fed.R.Civ.P. 37(a)(5)(C).

Because of the initially ambiguous Rule 37.1 conference setting, the subsequent resignation of defense counsel, and the mixed relief obtained by movant, the court is not inclined to award costs, expenses, and/or fees in this instance.

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that the motion to compel discovery [doc. # 30] filed by Plaintiff Avaine Strong is GRANTED IN PART only to the extent specified in the body of the decision.

IT IS FURTHER ORDERED that the motion [doc. # 30], including the request for fees, expenses, and/or costs, otherwise is DENIED.

THUS DONE AND SIGNED in chambers at Monroe, Louisiana, this 6th day of February 2014.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE