UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| AVAINE STRONG | * | CIVIL ACTION NO.  13-0808 |
| VERSUS | * | JUDGE DONALD E. WALTER |
| GRAMBLING STATE UNIVERSITY, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are two, opposing, discovery-related motions:  1) a second motion to compel [doc. # 47] filed by plaintiff Avaine Strong; and 2) a motion for protective order [doc. # 49] filed by defendants Connie Walton, Evelyn Wynn, Danny Hubbard, Monica Bailey, Raymond Abraham, and Frank Pogue. For reasons assigned below, the motions are GRANTED IN PART and DENIED IN PART.[1]

Background

On April 18, 2013, Avaine Strong, a professor at Grambling State University, filed the instant pro se complaint pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986; Title VII of the Civil Rights Act; the Equal Pay Act; and 18 U.S.C. § 1346 against his employer, Grambling State University ("GSU"), and various university officials.  (Compl.).  On August 1, 2013, Strong amended his complaint to join each member of the Board of Supervisors for the University of Louisiana System.  *See* Amend. Compl.  Strong contends, *inter alia*, that university officials

---

[1] As these motions are not among the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

discriminated against him on account of his race, African American, and because he is heterosexual. *See* Amend. Compl., ¶ 17. He seeks approximately $7.8 million for compensatory and punitive damages, attorney's fees, interest, and costs. *Id*.

On, or about October 13, 2013, plaintiff, now represented by counsel, propounded certain discovery requests to defendants, including item number 11 which requested copies of income tax return for years 2008-2012, together with all supporting schedules, for individual defendants: Connie Walton, Evelyn Wynn, Danny Hubbard, Monica Bailey, Raymond Abraham, and Frank Pogue. (M/Compel [doc. # 30] Exh. A). Defendants, however, failed to respond to this, and other discovery requests. Accordingly, on December 23, 2013, plaintiff filed his initial motion to compel.

On February 6, 2014, the undersigned granted plaintiff's motion to compel, in part, and ordered defendants to fully and completely respond to plaintiff's interrogatories and requests for production within 14 days from the date of the order. (Feb. 6, 2014, Order [doc. # 41]). The court further remarked that by failing to respond or object to plaintiff's interrogatories or requests for production, defendants had waived their right to do so. *Id*.

On February 20, 2014, defendants filed a motion to modify the court's February 6 Order by seeking to extend defendants' compliance deadline and to clarify a portion of the order directed at plaintiff's requests for admissions. (M/Modify [doc. # 43]). The court granted the motion that same day. (Feb. 20, 2014, Order [doc. # 45]).

Meanwhile, counsel for both sides conferred amongst themselves and agreed to modify plaintiff's discovery item number 11. Plaintiff's counsel memorialized this agreement in a February 18, 2014, facsimile transmission addressed to defense counsel, wherein she conceded that she would "accept W-2 statements for each named employee in lieu of the federal tax form,

*provided* [she received] assurances that compensation from all employment is accounted for, including income from outside employers, boards, and commissions." (Feb. 18, 2014, Facsimile Letter from Dianne Hill to John Ellis; Pl. 2nd M/Compel, Exh.).

Thereafter, defendants produced W-2 forms from their employment with GSU. However, they did not produce any W-2s from outside employment, or any statements that compensation from all employment was accounted for – as per the prior agreement between counsel. Thus, plaintiff's counsel advised defense counsel that she needed the tax returns, with schedules, as originally requested so she could verify all sources of income. (March 20, 2014, Letter from Dianne Hill to John Ellis; 2nd M/Compel, Exh.). In subsequent communications, plaintiff's counsel maintained that she required defendants to produce the tax schedules, as demanded in her original discovery. *See* April 10, 2014, Letter rom Dianne Hill to John Ellis; 2nd M/Compel, Exh.

After efforts to bridge the discovery impasse proved unsuccessful, on April 25, 2014, plaintiff filed the instant motion to compel defendants to provide full responses to discovery item number 11, in accordance with the court's prior order. Plaintiff also requested an award of attorney's fees.

On May 19, 2014, defendants filed their response to plaintiffs' second motion to compel, together with an embedded motion for protective order. Defendants argue that plaintiff has not demonstrated a need for the tax returns. They also fear "misuse and abuse of their most private documents" if their federal tax documents are mishandled or otherwise compromised. Defense counsel also stressed that opposing counsel had failed to return a proposed confidentiality agreement that he had forwarded to her for consideration.

In conjunction with their response, defendants belatedly submitted declarations wherein

they denied, *inter alia*, income from activity involving any of the named defendants or any employment relationships, other than with GSU. (M/ Protective Order, Exhs.).[2] They contend that the declarations obviate the need for the wholesale production of sensitive financial information such as their tax documents. Alternatively, defendants propose that the court order plaintiff to elect from one of four less-invasive options: 1) submit additional interrogatories that specifically probe the issue of outside employment; 2) require defendants to complete declarations that address non-university employment; 3) require defendants to submit to depositions; or 4) require defendants to sign releases to allow plaintiff to obtain the specific tax information from the taxing agency.

On May 27 and June 2, 2014, plaintiff submitted his reply in support of his motion to compel and his response to defendants' motion for protective order, respectively. Plaintiff maintains that defendants have failed to comply with the court's discovery order. He also objects to defendants' motion for protective order as untimely, and that their proposed confidentiality agreement is overly broad because it applies to "all information of any nature whatsoever acquired or known." *See* Response, Exh.

Defendants did not seek leave to file a reply brief, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 50]. Thus, the matter is ripe.

## Law

a) <u>Motion to Compel/Sanctions</u>

Rule 37 of the Federal Rules of Civil Procedure specifies that,

---

[2] Defendants' declarations, however, are neither sworn, nor signed under penalty of perjury. Federal law permits unsworn declarations to substitute for an affiant's oath if the statements contained therein are made "under penalty of perjury" and verified as "true and correct." *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n2 (5th Cir. 2013) (citing 28 U.S.C. § 1746).

> [i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> **(iii)** striking pleadings in whole or in part;
>>
>> **(iv)** staying further proceedings until the order is obeyed;
>>
>> **(v)** dismissing the action or proceeding in whole or in part;
>>
>> **(vi)** rendering a default judgment against the disobedient party; or
>>
>> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

Furthermore,

> [i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2)(C).

b)      <u>Motion for Protective Order</u>

Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] . . . specifying terms . . . for the disclosure or discovery . . ." Fed.R.Civ.P. 26(c)(1)(B). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104

S.Ct. 2199 (1984).

The party seeking the protective order must establish good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193 (1981); *see also*, *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). A party seeking to protect the disclosure of sensitive information must first establish the confidential nature of the requested discovery. *See Freeport McMoran Sulpher, LLC v. Mike Mullen Energy Equipment Resource, Inc.*, 2004 WL 595236, 10 (E.D. La. March 23, 2004).

### Discussion

Defendants argue the court should not order production of their tax returns because plaintiff cannot satisfy the applicable two-pronged test for compelling tax returns.[3] Succinctly stated, however, that ship has sailed. Defendants have eschewed multiple opportunities to contest the propriety of disclosing their tax returns: first, they could have objected to plaintiff's initial discovery request(s); second, they could have raised the issue in opposition to plaintiff's original motion to compel; and third, they could have sought to amend the court's prior discovery order. Defendants, instead, prevailed upon plaintiff to compromise his court-ordered right to defendants' tax returns by agreeing to accept in lieu thereof defendants' W-2 forms, together with certain assurances. When defendants failed to comply with the full terms of the parties' side agreement, plaintiff reasserted his right to the full tax returns pursuant to the existing court order.

---

[3] Courts have construed Rule 26 to require a party seeking to compel the disclosure of tax returns to demonstrate (1) that the returns are relevant to the subject matter of the action; and (2) a compelling need for the returns because the information contained therein is not otherwise readily obtainable through alternative forms of discovery. *Natural Gas Pipeline Company of America et al. v. Energy Gathering, Inc., et al.*, 2 F.3d 1397, 1411 (5th Cir. 1993).

Neither side has submitted any authority for the proposition that parties enjoy the autonomy to modify a court order by mutual agreement. Indeed, the fact that defendants previously saw fit to petition the court to modify and endorse minor changes to the February 6 Order demonstrates their awareness of the need to obtain the court's imprimatur. In fact, other than the two modifications requested by defendants, the February 20 Order specified that "in all other respects the Memorandum Order issued February 6, 2014, shall be maintained." (Feb. 20, 2014, Order [doc. # 45]). Consequently, when the parties' side agreement fell through, defendants were obliged to comply with the terms of the court's still outstanding discovery order. This, they have failed to do.

To the extent that defendants now intend (via their response to a second motion to compel and hybrid motion for protective order) for the court to revisit the discovery issue, defendants' efforts are too little, too late. However, given the parties' mutual attempt to resolve the discovery issue, the court is persuaded that defendants did not intentionally disregard a court order or otherwise act in bad faith. As a result, the more draconian remedies available under Rule 37(b)(2)(A) are not warranted. Instead, the court will order defendants and/or their counsel to pay plaintiff the total sum of $500 as reasonable attorney's fees for having to file a successive motion to compel.[4]

In addition, because of the sensitive nature of tax returns, the court finds that they should be governed by a confidentiality agreement/order. However, the court agrees with plaintiff that the proposed agreement submitted by defendants is too broad. *See* Pl. Opp., Exh. [doc. # 57-1].

---

[4] In deriving this sum, the court has considered the affidavit of time and expenses submitted by plaintiff's counsel. (M/Compel, Affidavit). The reduced award contemplates the time expended by counsel to file the instant motion, as well as the mitigating circumstances of defendants' conduct.

Accordingly, the parties shall confect and execute a confidentiality agreement that encompasses the parties' tax returns (and any other such sensitive documents to which they mutually agree).

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that plaintiff's second motion to compel [doc. # 47] is hereby GRANTED IN PART, to the following extent,

IT IS ORDERED that, within the next 30 days from the date of this order, defendants, Connie Walton, Evelyn Wynn, Danny Hubbard, Monica Bailey, Raymond Abraham, and Frank Pogue shall produce to plaintiff copies of their income tax returns, including all supporting schedules, for years 2008-2012.

IT IS FURTHER ORDERED that, within 14 days from the date of this order, defendants, Connie Walton, Evelyn Wynn, Danny Hubbard, Monica Bailey, Raymond Abraham, and Frank Pogue, and/or their counsel, shall remit the sum of $500 to plaintiff Avaine Strong, via counsel, and file proof of said payment in the record of these proceedings within 7 days thereafter.

IT IS FURTHER ORDERED that defendants' motion for protective order [doc. # 49] is hereby GRANTED IN PART, only to the extent that, within the next 14 days from the date of this order, the parties shall execute a confidentiality agreement/order that, at minimum, protects the confidentiality of defendants' tax returns.

IT IS FURTHER ORDERED that the pending motions [doc. #s 47 & 49] otherwise are DENIED.

In Chambers, at Monroe, Louisiana, this 18th day of June 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE